## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

LAWYERS UNITED INC.,     )
*et al.*,                     )
                            )
        *Plaintiffs,*      )
                            )
v.                         )     Case No. 1:19-cv-3222-RCL
                            )
UNITED STATES,         )
*et al.*,                     )
                            )
        *Defendants.*    )
                            )

### MEMORANDUM OPINION

In October of 2019, plaintiffs Lawyers United Inc. and Evelyn Aimee de Jesus filed this lawsuit against defendants the United States, Attorney General William P. Barr, and federal judges on the D.C. Circuit Court of Appeals, the U.S. District Court for the District of Columbia, the Ninth Circuit Court of Appeals, the Northern, Eastern, Central, and Southern Districts of California, the Eleventh Circuit Court of Appeals, and the Northern, Middle, and Southern Districts of Florida.[1] Plaintiffs have brought seven counts challenging the Local Rules that govern general admission privileges in federal courts in California, Florida, and the District of Columbia. Plaintiffs requested a preliminary injunction (ECF No. 43), and defendants responded with a motion to dismiss the case in its entirety (ECF No. 52). Upon consideration of all motions, oppositions, and replies, the Court will **GRANT** defendants' motion to dismiss and **DENY** plaintiffs' motion for a preliminary injunction. There is no need to have a hearing on these

---

[1] The United States, the Attorney General, the Eleventh Circuit judges, and the District Court judges in Florida were added as defendants for the first time in the Amended Complaint. The original Complaint also named all nine Supreme Court Justices, but they have since been terminated as defendants.

issues, so plaintiffs' supplemental motion for a hearing (ECF No. 59) will be **DENIED** as moot. It will be **ORDERED** that this case is **DISMISSED** with prejudice.

## BACKGROUND

Plaintiffs' Amended Complaint challenges Local Rule 83.8 of the U.S. District Court for the District of Columbia, which governs eligibility for general admission privileges in this Court. Plaintiffs specifically challenge the provision allowing attorneys who are active members in good standing of the Bar of any State in which they maintain their principal law office to obtain general admission ("Primary Office Provision"). The Amended Complaint also challenges the general bar membership rules for the U.S. District Courts for the Northern, Eastern, Central, and Southern Districts of California as well as for the Northern, Middle, and Southern Districts of Florida. The U.S. District Courts in California require attorneys to be members of the California State Bar before they can obtain general admission privileges, and the U.S. District Courts in Florida require attorneys to be members of the Florida State Bar before they can obtain general admission privileges.

Plaintiffs' Amended Complaint lists seven causes of action. Attempting to parse through some of these allegations was exceedingly difficult, as plaintiffs did not clearly or succinctly explain all of their claims. After sorting through the obfuscating metaphors and extraneous information in the Amended Complaint, it appears that plaintiffs believe defendants have violated the separation of powers doctrine, various federal statutes, the Federal Rules of Civil Procedure, the Supremacy Clause, the First Amendment, and the Fifth Amendment. Plaintiffs seek a preliminary injunction invalidating the challenged local rules. Defendants ask that this case be dismissed for lack of personal jurisdiction and failure to state a claim.

# LEGAL STANDARDS

## I. MOTION TO DISMISS

### A. Personal Jurisdiction

Federal Rule of Civil Procedure ("FRCP") 12(b)(2) requires courts to have personal jurisdiction over the parties. Although 28 U.S.C. § 1391(e) arguably provides for personal jurisdiction over the United States in many instances, it does not provide for personal jurisdiction over the U.S. Courts, as U.S. Courts are not "agencies." *See, e.g.*, *King v. Russell*, 963 F.2d 1301, 1303-04 (9th Cir. 1992); *Liberation News Serv. v. Eastland*, 426 F.2d 1379, 1384 (2d Cir. 1970). D.C. Code § 13-422 permits this Court to exercise general personal jurisdiction over a person who is "domiciled in, organized under the laws of, or maintaining [a] principal place of business in, the District of Columbia as to any claim for relief." For parties over whom the Court does not have general personal jurisdiction, (i.e., defendants who are not "at home" in the District of Columbia), the Court will need specific personal jurisdiction.

The first requirement of specific personal jurisdiction is that the defendant must fall within the forum's long-arm statute. The District of Columbia's long-arm statute requires plaintiffs to show that defendants: (1) transacted business in the District; (2) contracted to supply services in the District; (3) caused tortious injury in the District by an act or omission in the District; (4) caused tortious injury in the District by an act or omission outside the District if they regularly do or solicit business, engage in any other persistent course of conduct, or derive substantial revenue from goods used or consumed, or services rendered, in the District; (5) had an interest in, are using, or possess real property in the District; (6) contracted to insure or act as surety for or on any person, property, or risk, contract, obligation, or agreement located, executed, or to be performed within the District at the time of contracting; or (7) in certain

3

circumstances, have a marital or parent and child relationship in the District. D.C. Code § 13-423(a).

If the non-resident defendant does fall within the long-arm statute, exercising specific personal jurisdiction must still be consistent with the Due Process Clause of the Fourteenth Amendment. This means that the defendant must have "minimum contacts" with the forum state "such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Int'l Shoe v. Washington*, 326 U.S. 310, 316 (1945). "Minimum contacts" are established if the defendant creates a "substantial connection" with the forum state. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985). The minimum contacts "must have a basis in 'some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum state, thus invoking the benefits and protections of its laws.'" *Asahi Metal Indus. v. Superior Court*, 480 U.S. 102, 109 (1987). The Court must dismiss any defendants over whom it lacks personal jurisdiction. Fed. R. Civ. P. 12(b)(2).

### B. Failure to State a Claim

FRCP 12(b)(6) requires courts to dismiss any case wherein the plaintiff has failed to state a legal claim upon which relief can be granted. To survive a motion to dismiss for failure to state a claim, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). When deciding a motion to dismiss under FRCP 12(b)(6), courts must construe the pleadings broadly and assume that the facts are as the plaintiff alleges; however, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 678. Additionally, courts are not obligated

to "accept as true a legal conclusion couched as a factual allegation." *Papsan v. Allain*, 478 U.S. 265, 286 (1986).

## II. PRELIMINARY INJUNCTION

A preliminary injunction is "an extraordinary remedy." *Winter v. Natural. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008). The movant must make a "clear showing that four factors, taken together, warrant relief." *League of Women Voters of U.S. v. Newby*, 838 F.3d 1, 6 (D.C. Cir. 2016) (quoting *Pursuing Am.'s Greatness v. FEC*, 831 F.3d 500, 505 (D.C. Cir. 2016)). The four factors are: (1) a substantial likelihood of success on the merits, (2) that [the movant] would suffer irreparable injury if the injunction were not granted, (3) that an injunction would not substantially injure other interested parties, and (4) that the public interest would be furthered by the injunction. *Chaplaincy of Full Gospel Churches v. England*, 454 F.3d 290, 297 (D.C. Cir. 2006). Plaintiffs must clearly demonstrate that all four factors weigh in their favor before they can obtain a preliminary injunction. *See Winter*, 555 U.S. at 22.

## ANALYSIS

## I. PERSONAL JURISDICTION

Defendants argue that the Court lacks personal jurisdiction over the Circuit and District judges in California and Florida who are named as defendants in this lawsuit. The Court agrees and will thus dismiss them from the case. As a preliminary matter, although 28 U.S.C. § 1391(e) generally allows for lawsuits against the United States, it does not provide for personal jurisdiction over federal judges sued in their official capacities. Section 1391(e) states:

> A civil action in which a defendant is an officer or employee of the United States
> or any agency thereof acting in his official capacity or under color of legal authority,

or an agency of the United States, or the United States, may, except as otherwise
provided by law, be brought in any judicial district in which (A) a defendant in the
action resides, (B) a substantial part of the events or omissions giving rise to the
claim occurred, or a substantial part of property that is the subject of the action is
situated, or (C) the plaintiff resides if no real property is involved in the action.
Additional persons may be joined as parties to any such action in accordance with
the Federal Rules of Civil Procedure and with such other venue requirements as
would be applicable if the United States or one of its officers, employees, or
agencies were not a party.

Courts are divided about whether Section 1391(e) confers personal jurisdiction or is

merely a venue statute. *See Duplantier v. United States*, 606 F.2d 654, 663 (5th Cir. 1979)

(explaining that although the Second Circuit found that Section 1391(e) is both a personal

jurisdiction statute and a venue statute, other courts have found that it is purely a venue statute).

The Court need not resolve this dispute here. Even when assuming that Section 1391(e) is also a

personal jurisdiction statute, it still does not cover federal judges in California or Florida, as the

provision only applies to the executive branch. *See, e.g.*, *King*, 963 F.2d at 1303-04 (finding that

Section 1391(e) "only applies to suits against officers of the executive branch"); *Liberation News*

*Serv.*, 426 F.2d at 1384 (explaining that the Court did not have personal jurisdiction over

members of the legislative branch under Section 1391(e) because when Congress enacted that

provision, it "was thinking solely in terms of the executive branch").

Of course, Section 1391(e) is not the only means through which courts may obtain

personal jurisdiction. As previously explained, either general personal jurisdiction or specific

personal jurisdiction will suffice. In this case, however, plaintiffs have failed to establish that

either form of personal jurisdiction covers the California or Florida defendants. The Court clearly

lacks general personal jurisdiction over the California and Florida defendants, as they are not "at

home" in the District of Columbia. The fact that a federal judge could be assigned anywhere in

the country by designation is insufficient to establish general personal jurisdiction. *Mason v. Cassady*, U.S. Dist. LEXIS 91614, at *11 (S.D. Miss. Sep. 1, 2010).

Plaintiffs have also failed to allege facts sufficient to show that the Court has specific personal jurisdiction over these defendants. There is nothing to suggest that any one of the seven provisions of D.C.'s long-arm statute applies to these defendants. Because they do not fall within the District of Columbia's long-arm statute, the Court lacks specific personal jurisdiction. Additionally, plaintiffs have not alleged that these defendants have any minimum contacts with the forum state that are based in purposeful availment of the privilege of conducting activities within the forum state, meaning that exercising specific personal jurisdiction over these defendants would violate the Fourteenth Amendment's Due Process Clause. *Id.* (finding that the District of Mississippi has no specific personal jurisdiction over a Magistrate Judge assigned to the Southern District of Alabama). For these reasons, the Court lacks personal jurisdiction over all of the judges who do not sit in the District of Columbia, and FRCP 12(b)(2) requires that they be dismissed from this lawsuit.[2]

Plaintiffs make a convoluted argument that because the defendant-judges are being sued in their official capacities, the United States is the real party in interest. This argument suggests that plaintiffs believe it is completely unnecessary to name any individual judges as defendants if they have also named the United States, thus leading the Court to question why plaintiffs would name individual judges in the first place. Plaintiffs also appear to argue that because the United States is the real party in interest and because there is personal jurisdiction over the United

---

[2] Plaintiffs claim that any arguments regarding personal jurisdiction, minimum contacts, or long-arm statutes are "red herrings" that are "not relevant" to this case. ECF No. 54 at 27. Plaintiffs may not like that many of the defendants they have named in this lawsuit are outside of the Court's jurisdiction, but that does not make FRCP 12(b)(2) a red herring. FRCP 12(b)(2) is clear that if the Court does not have personal jurisdiction over a defendant, it must dismiss all claims against that defendant. The Court is therefore obligated to analyze the personal jurisdiction question presented in this case.

States, there must also be personal jurisdiction over the judges. This reasoning is misguided. Although the United States is the real party in interest in *many* official capacity suits, that does not automatically make the United States the real party in interest in *every* official capacity suit. The Supreme Court has been clear that official capacity suits "represent only another way of pleading an action against an entity of which an officer is an agent." *Lewis v. Clarke*, 137 S. Ct. 1285, 1290 (2017). Here, the California and Florida federal judges were acting in their official capacity as members of the Judicial Councils on which they sit. Although they are federal employees, the United States as a whole did not enact the challenged Local Rules—the Judicial Councils on which these defendants sit enacted those rules. Therefore, the real parties in interest are the Judicial Councils on which the defendant-judges sit, not the United States, and this Court does not have jurisdiction over the defendant-judges simply because they are federal employees.[3] Just as this Court lacks jurisdiction over the defendant-judges in California and Florida, it similarly lacks jurisdiction over the Judicial Councils on which they sit.

This is confirmed by persuasive authority like *Duplantier v. United States*, wherein the Fifth Circuit found that despite the District Court's ability to exercise personal jurisdiction over the United States, it lacked personal jurisdiction over the Judicial Ethics Committee, which was undisputedly a part of the federal judiciary. 606 F.2d at 664. The Fifth Circuit similarly determined that the District Court lacked personal jurisdiction over the Chairman of the Judicial Ethics Committee, D.C. Circuit Judge Edward Allen Tamm, who was sued in his official capacity. *See id.* If being sued in one's official capacity as a member of the federal judiciary was synonymous with suing the United States and thus automatically conferred personal jurisdiction over that member of the federal judiciary, the Fifth Circuit in *Duplantier* would have found that

---

[3] Even if the United States were the real party in interest, plaintiffs have also sued the United States, meaning that naming individual judges would be redundant and unnecessary.

it had personal jurisdiction over the Judicial Ethics Committee and Judge Tamm. Instead, the Fifth Circuit made a crucial distinction between the judiciary and other branches of government, meaning that personal jurisdiction is not automatic when federal judges are sued in their official capacities. Even in cases where the Court has personal jurisdiction over the United States, it does not necessarily have personal jurisdiction over federal judges outside of the forum who are sued in their official capacities. Essentially, if a federal judge is sued in his or her official capacity outside of the District or Circuit on which he or she sits, the Court will usually lack personal jurisdiction over that federal judge. Therefore, even when taking into consideration the real parties in interest, FRCP 12(b)(2) still requires dismissing all defendant-judges from courts other than the District of Columbia.

## II. FAILURE TO STATE A CLAIM

Although the Court may assert personal jurisdiction over the Attorney General, the United States, and the judges sitting in the District of Columbia, plaintiffs have failed to state any legally cognizable claims with respect to these defendants. Therefore, all claims against these defendants must be dismissed under FRCP 12(b)(6).

### A. The United States & Attorney General William P. Barr

Plaintiffs have included in their long list of defendants both the United States and Attorney General William P. Barr. The Amended Complaint, however, fails to allege any actual wrongdoing on the Attorney General's part. It does not claim that the Attorney General committed any acts or omissions related to the challenged Local Rules, nor does it explain what relief the Attorney General could provide. The Attorney General "plays no role in promulgating or enforcing the local rules of federal courts." *Nat'l Ass'n for the Advancement of*

*Multijurisdictional Practice v. Roberts*, 180 F. Supp. 3d 46, 55 (D.D.C. 2015) (dismissing the Attorney General from a lawsuit challenging the Local Rules). The D.C. Circuit similarly held in *Nat'l Ass'n for the Advancement of Multijurisdictional Practice v. Howell*—a nearly identical lawsuit—that the Attorney General could not be sued for Local Rules which allegedly violate the Constitution or federal statutes. 851 F.3d 12, 16-17 (D.C. Cir. 2017). Therefore, Attorney General Barr must be dismissed from this lawsuit.

Plaintiffs have also named as a co-defendant the United States. Although oftentimes the United States is a proper party when government employees are sued in their official capacities, that is not always the case. The Amended Complaint does not specify any wrongdoing on the part of the United States, nor does it specify what remedy the United States could provide. Although the judges sued in their individual capacities are technically federal employees, as explained above, that does not automatically make the United States the real party in interest, nor does it automatically make the United States a proper defendant. For example, the Fifth Circuit only found that the United States was a proper defendant in *Duplantier* because the statute in question specifically assigned responsibilities to the United States. 606 F.2d at 665. The Local Rules at issue in this case do no such thing. Because the United States is not a proper party, it must be dismissed from this lawsuit.[4]

### B. D.C. District and Circuit Judges

Plaintiffs' claims against the remaining defendants must also fail under FRCP 12(b)(6). The D.C. Circuit ruled in *Howell* that Local Rule 83.8 violates neither the Constitution nor any federal statute. The D.C. Circuit noted that the National Association for the Advancement of

---

[4] Even if the United States and/or the Attorney General were proper parties, the claims against them would still be dismissed for the reasons set forth in the next Section of this Memorandum Opinion.

Multijurisdictional Practice has spent over thirty years attempting "to overturn local rules of practice limiting those who may appear before a particular state or federal court." 851 F.3d at 16. The D.C. Circuit expressly "join[ed] the chorus of judicial opinions rejecting these futile challenges," finding that the constitutional and statutory claims were without merit. *Id.* The claims in that case were nearly identical to the claims in this case. Quite simply, the Court must follow controlling precedent until that precedent is directly overturned. *United States v. Torres*, 115 F.3d 1033, 1036 (D.C. Cir. 1997).

The D.C. Circuit in *Howell* specifically upheld Local Rule 83.8's Primary Office Provision, finding that: (1) there was no violation of the Rules Enabling Act; (2) there was no violation of the Supreme Court's decision in *Frazier v. Heebe*; (3) rational basis review is the proper standard; (4) there was no violation of 28 U.S.C. § 1783; (5) there was no violation of the admission requirements of other federal courts; and (6) there was no First Amendment Violation. The D.C. Circuit specifically clarified that Local Rule 83.8 "is not an unconstitutional content-based restriction on speech" and noted that other circuits have come to the same conclusion. *Howell*, 851 F.3d at 19-20. The D.C. Circuit also specified that the Primary Office Provision "does not contravene any Act of Congress" whatsoever. *Id.* at 17. In light of these express findings, it appears that plaintiffs have failed to state any legally cognizable claims in this case.

Interestingly, plaintiffs do not deny that the claims at issue in *Howell* are the same claims at issue in this lawsuit. Instead, they attempt to argue that although *Howell* has not been overturned, it is undermined by subsequent case law. The Court declines plaintiffs' invitation to ignore binding precedent. Indeed, *Howell* is not just binding precedent—it is nearly identical to this case. If plaintiffs want to challenge *Howell*, they must do so in the D.C. Circuit or the U.S. Supreme Court, as this District Court plainly lacks authority to overturn binding precedent,

especially when that precedent is nearly indistinguishable from the current case. Moreover, even if this Court did have authority to ignore *Howell*, it would not do so, as this Court agrees with the reasoning set forth in that opinion and does not believe that subsequent case law would require the D.C. Circuit to decide *Howell* differently today.

Plaintiffs also accuse the D.C Circuit of engaging in a "conspiracy" to "cover[] up" the illegality of the Local Rules. ECF No. 54 at 33. These accusations are completely unfounded. Furthermore, even if the Court did believe that the D.C. Circuit was biased when it made its decision in *Howell*, that would not be a valid basis for ignoring precedent. This argument is clearly a desperate attempt to convince this Court to ignore a binding decision legitimately issued by the D.C. Circuit.

In addition to the fact that precedent clearly requires this Court to dismiss all seven counts set forth in the Amended Complaint, the first claim would need to be dismissed simply because it is unintelligible. The first cause of action—titled "Separation of Powers"—rambles on for fourteen pages, and it is unclear how exactly plaintiffs believe that defendants have violated the separation of powers doctrine. FRCP 8(a)(2) specifically requires plaintiffs to provide "a short and plain statement of the claim showing that [they are] entitled to relief." Plaintiffs failed to do so with respect to the first claim.

Furthermore, even if defendants had not filed a motion to dismiss, the Court would still deny the motion for a preliminary injunction. Plaintiffs have failed to meet the four factors required to obtain this "extraordinary remedy." *Winter*, 555 U.S. at 22. Beginning with the first factor, plaintiffs do not have a substantial likelihood of success on the merits. As already explained in this Memorandum Opinion, plaintiffs' claims cannot succeed as a matter of law. That fact alone is enough to deny the preliminary injunction. The second factor, however, also

turns in defendants' favor, as a preliminary injunction is not necessary to stop irreparable harm. Plaintiffs have asked for multiple stays throughout the course of this litigation, suggesting that the alleged "harm" they are suffering is not irreparable. Additionally, although plaintiffs cannot obtain general admission privileges, they can still file for *pro hac vice* admission while this case is pending, meaning that they are not entirely precluded from appearing in federal court. The third and fourth factors also turn in defendants' favor, as the requested injunction would alter rather than preserve the status quo, forcing courts to alter their rules. Although plaintiffs argue that such a change benefits the public by expanding admission privileges and thereby increasing access to counsel, the public is not benefitted by an unnecessary injunction that does not stop irreparable harm. Therefore, plaintiffs have not met their burden to prove that such an "extraordinary remedy" is warranted. *Winter*, 555 U.S. at 22.

Finally, the Court feels compelled to highlight some of the offensive analogies that plaintiffs attempted to draw throughout this case. Although these inappropriate analogies were not the basis for dismissing plaintiffs' suit, the Court would be remiss if it did not take a moment to address them. First, plaintiffs suggest that being denied general admission privileges in federal court is akin to "deny[ing] American women the right to vote." ECF No. 54 at 45-47. Plaintiffs may not like the Local Rules at issue, but the Court can guarantee that they would like being denied the right to vote even less. Frankly, this comparison is an insult to the brave women who fought tirelessly for the fundamental right to participate in their democracy. Second, plaintiffs argue that being admitted *pro hac vice* rather than being given general admission privileges is akin to being told that you may "sit in the front of the bus for this one time." ECF No. 35 at 11. Again, while plaintiffs certainly do not like the Local Rules, any alleged injury caused by these Local Rules certainly pales in comparison to the injuries caused by segregation. Third, in arguing

that this Court should ignore binding precedent, plaintiffs assert that the D.C. Circuit abused its authority in *Howell* in the same way that the "Minneapolis police officers" abused their authority over "George Floyd while they were kneeling on his head while ignoring his complaints that he could not breathe." ECF No. 54 at 32. It would be improper for the Court to comment on the circumstances surrounding George Floyd's death due to the ongoing criminal proceedings, but for reasons that hopefully are obvious, this analogy is both appalling and severely flawed.

Perhaps most shocking was plaintiffs' argument that the Local Rules treat them "as 3/5 of a citizen." ECF No. 35 at 13. This is an obvious reference to the Three-Fifths Compromise, which counted slaves as three-fifths of a person when determining a state's total population for legislative representation. The history of slavery in this country is shameful and reprehensible. The Court will not allow plaintiffs' counsel to trivialize that painful history by arguing that an attorney who is unable to appear in federal court has been subjected to the same evils as a human being who was purchased and treated as property. Plaintiffs made many other comparisons that the Court found extremely distasteful, but the ones highlighted here were the most egregious. This Court strongly recommends that plaintiffs' attorneys, Joseph Robert Giannini and W. Peyton George, refrain from ever again making such highly offensive and utterly unfounded comparisons.

**CONCLUSION**

Based on the foregoing, the Court will **GRANT** defendants' motion to dismiss (ECF No. 52) and **DENY** plaintiffs' motion for a preliminary injunction (ECF No. 43). The Court will also **DENY** plaintiffs' request for a hearing (ECF No. 59) as moot.

It will be **ORDERED** that this case is **DISMISSED** with prejudice.

14

A separate Order accompanies this Memorandum Opinion.


Date: June 29, 2020

Royce C. Lamberth
United States District Court Judge